UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/9/20

DRYWALL TAPERS & POINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF ALLIED PAINTERS & ALLIED TRADES, AFL-CIO; TRUSTEES OF THE DRYWALL TAPERS & POINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS,

Petitioners,

v.

MAIA MP CONSTRUCTION, INC., *also known as* MAIA MP CONSTRUCTIONS, INC.,

Respondent.

No. 19-CV-11212 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge.

Petitioners seek confirmation of an arbitration award entered against Respondent MAIA MP Construction, Inc. Respondent did not oppose the petition. For the reasons set forth below, the petition is granted.

## BACKGROUND

Petitioners in this action consist of two parties: Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (the "Funds") and the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL CIO (the "Union"), a labor organization representing employees in an industry affecting commerce within the meaning of Section 501 of the Labor Management Relations Act, 29 U.S.C. § 142. Respondent is a corporation duly organized and existing under the laws of New York and a party to the collective bargaining agreement (the "CBA") with the Union.

In 2019, a dispute arose between Petitioners and Respondent. Petitioners believed that Respondent had "hired a non-Union taper, engaged in discrimination against a job steward and failed to pay benefits to Union members." Pet. ¶ 7; *see also* Dkt. 2, Ex. A (Decision of the Joint Trade Board). Petitioners alleged that this conduct violated Article XIII, Section 11, Violations 5, 6, and 9 of the CBA.[1] *See* Pet. ¶ 7; Dkt. 2, Ex. A. The Union filed a demand for arbitration with the Joint Trade Board, which is authorized under the CBA to issue decisions that will be "final and binding" upon the CBA's signatories. Pet. ¶ 6; *see also* Dkt. 2, Ex. C (Arbitration Demand Letter).

On July 15, 2019, the Joint Trade Board held a hearing and ruled that Respondent had violated Article XIII, Section 11, Violations 5, 6, and 9 of the CBA. *See* Dkt. 2, Ex. A. It directed Respondent to pay Petitioners (1) "$21,500 in fines to the Joint Trade Board of the Drywall Tapers Industry"; (2) "$334.74 in wages to the Union on behalf of Luis Ramos"; "$334.74 in wages to the Union on behalf of Jaykel Pasquier"; and (4) "$3,137.12 in benefits to the Funds as contributions on behalf of Laura Lopez and David Acuna." Pet. ¶ 11; *see also* Dkt. 2, Ex. A. Petitioners then served notice of the award and a subsequent demand letter for the award on Respondent. *See* Dkt. 2, Ex. D (Decision and Award Letter); *id.*, Ex. E (Award Demand Letter). To date, however, Respondent has not complied with the award.

On December 6, 2019, Petitioners filed this petition, seeking an order confirming the award and granting judgment in the amount of $25,306.60. Respondent did not file an opposition.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104

---

[1] Petitioners' papers and the Joint Trade Board's decision state that Respondent violated Article XIII, Section 11, Violations 5, 6, and 9. However, based on the CBA that Petitioners submitted, it appears that Article XIII, Section 6, Violations 5, 6, and 9 were violated.

2

(2d Cir. 2006) (alteration and internal quotation marks omitted). Confirming an arbitration award is generally no more than a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Id.* at 110 (internal quotation marks omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected."). Because "arbitration panel determinations are generally accorded great deference under the FAA," a district court's discretion when reviewing the award is "narrowly limited." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997). "'[T]here is no general requirement that arbitrators explain the reasons for their award,' and . . . an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair*, 462 F.3d at 110. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has "choose[n] the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the Joint Trade Board's arbitration award. Because there is no material issue of fact in dispute to preclude enforcement of the arbitration award, the Court agrees.

Petitioners have presented undisputed evidence that entering into arbitration was appropriate in this case. In relevant part, the CBA established the Joint Trade Board to adjudicate "[a]ll complaints other than Employee grievances." Dkt. 2, Ex. B (Article XIII, Section 1). The CBA also provides that "[t]he awards of . . . the Joint Trade Board, including an award of fines or penalties, shall be final and binding upon the complainant and respondent and all interested parties, and judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof." *Id.* (Article XIII, Section 3 & 6).

Here, the parties' dispute stemmed from Respondent's alleged misconduct, including non-union hiring and union discrimination, for which the CBA authorizes monetary penalties as a remedy. *See id.* (Article XIII, Section 6). Petitioners submitted evidence that they gave Respondent notice of the hearing before the Joint Trade Board. *See* Dkt. 2, Ex. C. The Joint Trade Board subsequently rendered an award, which is "final and binding upon the signatory contractors and the Union," pursuant to the "schedule of fines" provided in Article XIII, Section 6 for the specifically alleged violation. *Id.* (Article XIV, Section 6). Petitioners gave notice to Respondent of this award and, several weeks later, made a subsequent demand for payment of the award. *See* Dkt. 2, Ex. D, E. Respondent has nonetheless failed to pay or appear in this action. In addition, nothing before this Court suggests that the calculated monetary fines are incorrect.

"[A]n arbitration award should be enforced . . . if there is a 'barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp.*, 954 F.2d at 797. In light of the evidence submitted, Petitioners have met their burden of "demonstrating that no material fact remains for trial." *D.H. Blair*, 462 F.3d at 110. Accordingly, the Court confirms the award.[2]

---

[2] In their petition to confirm the arbitral award and supporting papers, Petitioners have not sought attorney's fees or costs. In the event that Petitioners seek an order granting attorney's fees and costs, Petitioners' counsel must submit contemporaneous time records, reflecting the time spent and activities performed in litigating this matter for the Court to review whether the hours expended and proposed billing rates are reasonable. *See First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 896 (2d Cir.

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is respectfully directed to enter judgment in the amount of $25,306.60 and to close this case.

SO ORDERED.

Dated: March 9, 2020
New York, New York

Ronnie Abrams
United States District Judge

---

1997) ("[A] court may award attorneys' fees and costs '[w]hen a party refuses to comply with an enforceable arbitration decision without justification.'").